UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE

GT Solar Inc.

    v.                                     Civil No. 12-cv-253-JD

EMX Controls, Inc. and
Flagship Automation, Inc.

O R D E R

Following entry of a default judgment against the defendants, GT Solar Inc. filed a motion for an award of attorneys' fees and costs incurred in bringing suit to enforce the parties' settlement agreement. In support of the motion, GT Solar represents that the settlement agreement provides for an award of fees and costs when a party is required to initiate litigation because another party or parties has breached the agreement. EMX Controls, Inc. and Flagship Automation, Inc. did not respond to the motion.

"It is axiomatic that, under the 'American Rule,' each litigant pays his own attorney's fees, win or lose, unless a statute or contract provides otherwise." In re Volkswagen & Audi Warranty Extension Litig., 692 F.3d 4, 13 (1st Cir. 2012) (internal quotation marks omitted). GT Solar claims fees under the settlement agreement but did not provide a copy of the agreement with the motion, because the agreement is confidential.

GT Solar further stated that the agreement could be submitted to the court if necessary. Because the agreement is cited as the basis for an award of fees and costs, it must be submitted to the court to support the motion. To protect confidentiality, the agreement may be filed under seal.

In a diversity action that raises state law claims, state law governs the award of fees. Volkswagen, 692 F.3d at 15. Under New Hampshire law, "eight guiding factors" are used to determine reasonable attorneys' fees. Town of Barrington v. Townsend, --- A.3d ---, 2012 WL 4874321, at *6-*7 (N.H. Oct. 16, 2012). Those factors are "the amount involved, the nature, novelty, and difficulty of the litigation, the attorney's standing and the skill employed, the time devoted, the customary fees in the area, the extent to which the attorney prevailed, and the benefit thereby bestowed on his clients." Id. at *7.

Neither the motion nor counsel's affidavit addresses the factors pertaining to the hourly rates charged by counsel and for paralegal services. In the absence of information about counsel and the fees charged, the court is unable to determine whether the amount requested is reasonable.

Conclusion

For the foregoing reasons, the motion for an award of attorneys' fees (document no. 12) is denied without prejudice to file an appropriately supported motion.

SO ORDERED.

/s/ Joseph A. DiClerico, Jr.
Joseph A. DiClerico, Jr.
United States District Judge

December 10, 2012

cc: Irvin D. Gordon, Esquire